# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TED K. DAVIS JR., | Case No. 1:25-cv-624 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| JUDGE CHARLES CHAMBERLAIN, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

On August 26, 2025, Plaintiff Ted K. Davis, Jr. proceeding pro se, paid the requisite filing fee and filed suit against Judge Charles Chamberlain, a visiting state court judge who briefly presided over his divorce case in the Butler County Court of Common Pleas, Domestic Relations Division – Case No. DR13-12-1277. On the date he filed his federal complaint, Plaintiff also filed a motion seeking "emergency termination of income withholding order (TWO)" relating to the garnishment of Plaintiff's social security disability income ("SSDI") benefits by Butler County CSEA, a non-party. Pursuant to local practice, Plaintiff's motion, hereby construed as a motion for preliminary injunctive relief, has been referred to the undersigned for initial consideration and a Report and Recommendation ("R&R"). For the following reasons, the undersigned recommends that Plaintiff's construed motion for preliminary injunctive relief be DENIED.

### I. Factual and Procedural Background

Defendant did not file a response to Plaintiff's construed motion for preliminary injunctive relief, nor did he answer the complaint. Instead, on September 18, 2025, Defendant timely filed a motion to dismiss this entire case. Defendant's motion asserts

that this Court lacks jurisdiction over Plaintiff's claims under the *Burrus* abstention doctrine, the *Rooker-Feldman* doctrine, and/or the *Younger* abstention doctrine.[1] In addition to the jurisdictional barriers, Defendant's motion seeks dismissal based on judicial and sovereign immunities.

Although the motion to dismiss has not been referred, the undersigned acknowledges that some of the same issues presented therein are relevant to the recommended disposition of Plaintiff's construed motion for preliminary injunctive relief. Specifically, the arguments presented in the pending motion to dismiss have been briefly considered in evaluating the likelihood of Plaintiff's success on the merits of his underlying claims – a showing that is required for Plaintiff to obtain preliminary injunctive relief.

### A. Allegations of Complaint and Prior Court Proceedings

This Court may take judicial notice of state and federal cases related to the instant complaint. The undersigned begins by summarizing the background of the underlying state court divorce proceeding over which Judge Chamberlain briefly presided.

### 1. The Underlying Divorce Proceeding

Plaintiff and his ex-wife, Kim, were twice married and divorced. Kim filed for divorce the second time in 2013. Following a contested divorce hearing, Butler County Court of Common Pleas Judge Barbara Schneider Carter, Domestic Relations Division, ordered Plaintiff to pay Kim spousal support. *See generally, Davis v. Davis ("Davis I")*, 12th Dist. Butler No. CA2018-01-018, 2018-Ohio-4935, ¶ 2, 2018 WL 6445597 (Ohio Court App., 12th Dist., Dec. 10, 2018), *discretionary appeal denied*, 155 Ohio St.3d 1414, 2019-Ohio-

---

[1] *See, e.g., In re Burrus*, 136 U.S. 586 (1890); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149 (1923); *Younger v. Harris*, 401 U.S. 37, 40-41 (1971).

1205, 120 N.E.3d 31. During the course of proceedings in the trial court, in 2014, Plaintiff and Kim entered into a mediation agreement ("Agreement") that was adopted by the trial court in an agreed entry. *See Davis v. Davis ("Davis II")*, 2022-Ohio-3179, ¶ 3, 2022 WL 4125934, at *1 (Ohio App. 12 Dist., 2022). The parties later moved to modify that Agreement. Judge Carter entered a final judgment on the modification issues on January 19, 2018. Plaintiff appealed, but in *Davis I*, the Twelfth District Court of Appeals rejected Plaintiff's assertions of error and affirmed the January 2018 entry of judgment.

Thereafter, Kim moved the trial court to find Davis in contempt for failing to pay her attorney fees and costs. "In February 2019, the parties reached an agreement resolving Kim's motion for contempt." *Davis II*, 2022-Ohio-3179, ¶ 7, 2022 WL 4125934, at *1.

> Over the following year, Davis and Kim filed numerous motions and filings with the trial court. Davis also filed related lawsuits against Kim and her counsel in other Ohio counties and in federal court, as well as two federal lawsuits against then-presiding Judge Barbara Carter. Davis additionally filed four affidavits of disqualification with the Ohio Supreme Court, each attempting to disqualify Judge Carter from presiding over the trial court proceedings. Notably, the four affidavits were determined to be meritless and the federal lawsuits involving Judge Carter were ultimately dismissed.

*Davis II*, at ¶ 8, 2022 WL 4125934, at *2. After Davis filed a fifth affidavit to disqualify Judge Carter, Judge Carter recused herself. *Id.*

On April 2, 2020, visiting Judge Chamberlain was appointed to preside over the case, which remained contentious. On January 6, 2021, Kim moved for an order directing Davis to show cause why he should not be held in contempt. Hearings were scheduled in February and March 2021 but were continued due to a lack of service on Davis. *Davis II* recounts Judge Chamberlain's multiple efforts to ensure that Davis was properly served, culminating in a pretrial conference on August 10, 2021 at which Davis and his counsel participated by telephone, and Davis "gave his counsel authorization to accept service of

3

Kim's motions on his behalf." *Davis II*, 2022-Ohio-3179, ¶ 13. Davis's counsel also filed a Notice on September 2, 2021 confirming service. *Id*.

At the final hearing date of September 24, 2021, Davis appeared with counsel and indicated his understanding of what motions were being addressed at the hearing, including contempt, despite also denying receiving or seeing a copy of the summons through his counsel. *Davis II*, 2022-Ohio-3179, ¶ 14. He indicated he understood the penalties for contempt and that he did not wish to speak with counsel privately before proceeding with the hearing. *Id*. After the hearing, Judge Chamberlain found Davis to be in contempt and ordered Davis to pay $500, serve 60 days in jail, and pay Kim's attorney's fees. *Id.*, ¶ 15. Davis appealed.

Among the many errors raised by Davis on appeal in state court in *Davis II* were due process issues relating to service and a challenge to Judge Chamberlain's exercise of jurisdiction. The Ohio Court of Appeals rejected all arguments. With respect to the service issue, the state court noted that the record reflected Davis's receipt of Kim's motions through counsel, notwithstanding Davis's later denial of the same. *Davis II*, *supra*, ¶ 52; *see also*, *generally*, *id.*, ¶¶ 51-54.. The Ohio Court of Appeals further held that even if Davis had not been properly served, Davis had waived the issue. *Id.*, ¶¶ 53-54. Similarly, the state court found no merit to Plaintiff's challenge to Judge Chamberlain's exercise of jurisdiction to consider the contempt motion. "[T]he trial court clearly had jurisdiction in the instant matter, as Kim's post[-]decree show-cause motion invoked both the inherent power of a domestic relations court to enforce its prior orders and the court's continuing jurisdiction pursuant to Civ. R. 75(J)." *Id.*, ¶ 59.

**2. Prior Related Federal Cases**

At this point, it is worth noting that Plaintiff previously filed suit against Judge Carter in this Court over her prior rulings in the same case. *See Davis v. Carter*, No. 1:19-cv-414-TSB-SKB. Plaintiff initially filed suit *in forma pauperis*. But after the undersigned recommended dismissal of that case on initial screening, Plaintiff sought to voluntarily dismiss his case without prejudice under Rule 41(a)(1). On the same day, he paid the filing fee and filed a new case against Judge Carter, his ex-wife, and Kim's attorneys. *See Davis v. Carter*, No. 1:19-cv-614-TSB-SKB. The district court permitted Plaintiff to dismiss his first case without prejudice under Rule 41(a)(1), but agreed with the undersigned's recommendation that the second case should be dismissed sua sponte with prejudice for lack of subject matter jurisdiction, and because Judge Carter was absolutely immune from suit. *See Davis v. Carter*, No. 1:19-cv-614-TSB-SKB, 2020 WL 467683 (S.D. Ohio Jan. 29, 2020). The Sixth Circuit affirmed the dismissal with prejudice of all claims against Judge Carter, as well as the dismissal with prejudice of claims against the attorneys for failure to state a claim under 42 U.S.C.§ 1983. The appellate court also affirmed the dismissal of claims against Plaintiff's ex-wife Kim, but modified that dismissal to be without prejudice based on a lack of diversity jurisdiction. *See Davis v. Carter*, No. 20-3186, 2020 WL 8575594 (6th Cir. Sept. 22, 2020).

**II. Analysis**

The preliminary injunctive relief sought by Plaintiff should be denied. The purpose of a preliminary injunction is to preserve the status quo. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In *EOG Resources, Inc. v. Lucky Land*

*Management, LLC*, 134 F.4th 868 (6th Cir., 2025), the Sixth Circuit recently restated the factors that a plaintiff must establish in order to be entitled to such extraordinary relief.

> To secure a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Because a preliminary injunction "is an 'extraordinary' equitable remedy that is 'never awarded as of right,'" the plaintiff must make a "clear showing" that these factors favor him. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46, 144 S.Ct. 1570, 219 L.Ed.2d 99 (2024) (quoting *Winter*, 555 U.S. at 24, 129 S.Ct. 365).

*Id.*, 134 F.4th at 874.

The appellate court reversed the trial court in *EOG Resources, Inc.* in part because the lower court had referred to the factors as a balancing test without considering *any* factor to be a prerequisite. *Id.*, at 883 (citing the trial court's reliance on the abrogated formulation of the balancing test set out in *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).

> That was erroneous. Any of our old cases that might have endorsed that approach were abrogated by the Supreme Court in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249; *see also D.T.*, 942 F.3d at 328–29 (Nalbandian, J., concurring) (explaining how). Irreparable harm is the core of the preliminary injunction, as we and the Supreme Court have made clear before. It's true that courts "balance" the four factors, but while "the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory." *D.T.*, 942 F.3d at 327 (majority opinion).

*Id.*, 134 F.4th at 884.

Here, the lack of an irreparable injury alone warrants the denial of preliminary injunctive relief. Plaintiff primarily seeks the restoration of his full SSDI benefits without garnishment resulting from the state court's orders. But a temporary loss of income that may be later recovered through a monetary damage award is almost never sufficient to

6

show irreparable injury. *See Sampson v. Murray*, 415 U.S. 61, 90 (1973) (finding that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury"); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) ("The fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay.").

In addition, Plaintiff is highly unlikely to succeed on the merits of his claims against Judge Chamberlain. As the undersigned previously explained in recommending the dismissal of similar claims filed by Plaintiff against Judge Carter, Judge Chamberlain is absolutely immune from suit. In addition, the application of the *Burrus* and *Rooker-Feldman* jurisdictional doctrines appears highly likely. And neither equitable considerations nor the public interest favor interfering with the prior orders of the state court in Plaintiff's underlying domestic relations case.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's motion for an "emergency termination of income withholding order" (Doc. 4), hereby construed as a motion seeking preliminary injunctive relief, be **DENIED.**

 s/Stephanie K. Bowman
Stephanie K. Bowman
United States Chief Magistrate Judge

7

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TED K. DAVIS JR., | Case No. 1:25-cv-624 |
|     Plaintiff, | Barrett, J. |
|     v. | Bowman, M.J. |
| JUDGE CHARLES CHAMBERLAIN, | |
|     Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).