UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TED K. DAVIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> JUDGE CHARLES CHAMBERLAIN, <br><br> Defendant. | Case No. 1:25-CV-624 <br><br> Judge Michael R. Barrett <br><br> **ORDER** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of December 10, 2025. (Doc. 14). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice to Plaintiff Ted K. Davis that he could forfeit rights on appeal if he failed to file proper objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Davis timely objects, (Doc. 18), but the Court will overrule those objections and adopt the R&R in full for the following reasons.

I. BACKGROUND

Davis brought this action against Judge Charles Chamberlain, "a visiting state court judge who briefly presided over his divorce case in the Butler County Court of Common Pleas." (Doc. 14, PageID 160), seeking "emergency action for immediate termination of Income Withholding Order (IWO) or an immediate injunction of the IWO," (Doc. 1, PageID 1), related to the garnishment of his social security disability income ("SSDI") by Butler County CSEA. Davis also asks the Court "to vacate or void

1

all lower court orders by Judge Chamberlain, starting 6/29/2020, in Butler County, Ohio, case: DR-2013-12-1277 including termination of an arrest warrant, DUE to the violations of the 5th/14th amendments, Due Process violations, fraud and fraud upon the court." (*Id.*).

The underlying domestic relations dispute between Davis and his ex-wife, Kim, commenced in 2013. In 2021, following years of legal proceedings and mediations, Kim moved the state trial court to order Davis to show cause why he should not be held in contempt for failing to follow the court's orders and failing to pay spousal support and maintain his life insurance. This was not the first contempt hearing for Davis. As noted by the Ohio 12th District Court of Appeals,

> [D]espite decisions from three separate judicial tribunals, Davis continues to argue that the current support award is based upon misrepresentations, fabricated evidence, fraud, and false evidence. Thus, it appears from Davis's testimony during the hearing, and behavior throughout this case, that he is reluctant to resume making spousal support payments until he receives what he perceives to be a "fair trial" and the spousal support amount is altered. This appears true despite the fact that Davis's requests to modify his spousal support payment have been repeatedly denied throughout the course of this case and that he failed to appeal the most recent denial in March 2021 when he could have done so. Consequently, and as noted by the trial court, we conclude Davis has presented no evidence or legitimate explanation for his failure to make spousal support payments since October 2020.

*Davis v. Davis*, 2022-Ohio-3179, ¶ 41 (12th Dist.).

Following a hearing, the trial court ordered Davis to pay $500, serve sixty days in jail, and pay Kim's attorney fees of $2,172.50. *Id.*, at ¶ 15. However, the court

suspended the jail sentence and gave Davis the opportunity to purge the contempt finding if, within six months, "Davis immediately paid regular spousal support in the amount of $1,350 [per month] and the addition $200 that was added on for attorney fees." *Id.*, at ¶ 16. Davis was also required to pay "attorney fees and court costs within 60 days and reduce[] the arrearage of $15,838.37 plus attorney fees of $1,043.37 at the rate of one-sixth that figure per month." *Id.* The trial court's order was affirmed on appeal. *Id.*, at ¶ 62. According to Davis's complaint, he was again found in contempt in 2023.[1] (Doc. 1, PageID 9-10).

On review, the Magistrate Judge construed Davis's filing as a motion for preliminary injunctive relief and concluded that (1) "the lack of an irreparable injury alone warrants the denial of preliminary injunctive relief"; and (2) Davis is "highly unlikely to succeed on the merits of his claims against Judge Chamberlain" due to his absolute immunity from suit and the application of jurisdictional abstention doctrines. (Doc. 14, PageID 165-66). Davis now objects, arguing that the Magistrate Judge mischaracterized his initial request, applied the wrong standard of law, improperly relied on the underlying domestic relations cases, misapplied immunity standards, misapplied a jurisdictional abstention doctrine, and improperly concluded that his claims were highly unlikely to succeed.

## II. STANDARD OF LAW

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure

---

[1] The court's multiple contempt findings undermine Davis's assertion that he has "abided by every order, whether [he] agreed with [it] or not." (Doc. 1, PageID 5).

72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

### III. ANALYSIS

Davis lists a number of objections, most of which do not clear the threshold for triggering de novo review. Of those that do, however, all can be resolved by applying the *Burrus* and *Rooker-Feldman* abstention doctrines. *See In re Burrus*, 136 U.S. 586 (1890); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Burrus* abstention doctrine instructs that federal courts should decline to exercise jurisdiction "in domestic relations cases in which a complaint contains only

4

conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are 'a mere pretense and the suit is actually concerned with domestic relations issues.'" *Burress-El v. Kelley*, No. 1:18-CV-254, 2018 U.S. Dist. LEXIS 95150, at *6 (S.D. Ohio Apr. 12, 2018) (quoting *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2002)). The *Rooker-Feldman* doctrine applies "to the 'narrow' set of 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Vanderkodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Davis does not address *Burrus*, but application of that doctrine on its own defeats federal district court jurisdiction in this instance. Although his arguments are "cloaked in the language of constitutional torts," he fundamentally "attacks the validity of the state court's judgment in the divorce . . . proceedings and seeks its nullification as the primary form of relief." *Greenberg v. Slatery*, No. 22-5886, 2023 U.S. App. LEXIS 7334, at *4 (6th Cir. Mar. 28, 2023). Regardless of how Davis characterizes the relief he seeks, his "conclusory references to violations of his civil rights are not sufficient—even if they did not merit dismissal under [Federal Rule of Civil Procedure 12(b)(6)]—to grant federal jurisdiction." *Burress-El*, 2018 U.S. Dist. LEXIS 95150, at *7.

5

In any event, even if Davis's claims fell outside of the so-called "domestic relations exception," they would be barred by application of the *Rooker-Feldman* doctrine. Despite Davis's conclusory representation that *Rooker-Feldman* "does not bar this claim" because he "did not seek review or reversal of a state court judgment," and instead "challenges a separate constitutional injury," (Doc. 18, PageID 206-07), his claims against Judge Chamberlain stem from decisions made during or as a result of his divorce proceedings.[2] Thus, his divorce proceedings are far from "irrelevant," as Davis claims. (*Id.*, PageID 206). The arguments he brings to the Court are, in reality, "'inextricably intertwined' with a state court's decision rendered in a judicial proceeding." *Olivares v. Performance Contr. Grp.*, 76 F. App'x 603, 604-05 (6th Cir. 2003).

IV.  ANALYSIS

For the foregoing reasons, Davis's objections, (Doc. 18), are **OVERRULED**, and the Magistrate Judge's R&R, (Doc., 14), is **ADOPTED** in full. Furthermore, and for those same reasons, Judge Chamberlain's motion to dismiss, (Doc. 11), is **GRANTED**, and this matter is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

---

[2] This fact also counsels against jurisdiction, as Judge Chamberlain is entitled to judicial immunity. *See Brookings v. Clark*, 389 F.3d 614, 617 (6th Cir. 2004) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions.").